James B. Hicks, SBN 109117
Gary W. Park, SBN 173390
Matthew D. Moran, SBN 197075
**HICKS | PARK LLP**
824 Wilshire Boulevard, Suite 300
Los Angeles, CA 90017
Tel: (213) 612-0007 / Fax: (213) 612-0373
E-mail: gpark@hicksparklaw.com

Lawrence A. Callaghan, SBN 53258
**TUCKER, ELLIS & WEST LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
Tel: (415) 617-2225 / Fax: (415) 617-2409
E-mail: larry.callaghan@tuckerellis.com

Attorneys for Plaintiff
ING Bank, fsb

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ING BANK, FSB,<br><br>Plaintiff,<br><br>vs.<br><br>BAIMBA JOHN, an individual,<br><br>Defendant.<br><br>BAIMBA JOHN, an individual,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE, DAVID BUNIN, AND DOES 1 TO 20, INCLUSIVE,<br><br>Third-Party Defendants. | Case No. **5:09-cv-1467 PVT**<br><br>(Assigned to Hon. Patricia V. Trumbull)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**<br>AS MODIFIED BY THE COURT (SEE PARAGRAPH 10) |

## 1. STIPULATION

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties, plaintiff ING Bank, fsb ("Plaintiff" or "ING") and defendant J.P. Morgan Chase ("Chase"), through their respective undersigned counsel of record, and defendant Baimba John ("John") (together with Chase, "Defendants"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Regarding Confidential Material (the "Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter. This Protective

Order does not restrict the dissemination of information if gained from other sources.

  2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P 26(c) and include documentation of corporate and personal financial information, private or proprietary information and trade secrets.

  2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosure or in responses to discovery as "Confidential".

  2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential".

  2.8 Outside Counsel: attorneys who are not employees of a Party.

  2.9 House Counsel: attorneys who are employees of a Party.

  2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing; storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court in or other settings that might reveal Protected Material. The protections conferred by this Protective Order also cover information exchanged in discovery and pre-trial proceedings, including but not limited to documents produced, interrogatory answers, responses to requests for admission, deposition testimony, exhibits, declarations in support of motion papers, initial disclosures, and briefs (including those prepared for mediation or settlement purposes).

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection

4
Stipulated Protective Order Regarding Confidential Material

is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routineized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that is designated for protection do not qualify for protections at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material or on the first page of a multi-page document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (i.e. "CONFIDENTIAL").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

Stipulated Protective Order Regarding Confidential Material

During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIA". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order; then, before producing the specified documents, the Producing Party must affix the appropriate legend (i.e. "CONFIDENTIAL") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) e.g., by making appropriate makings in the margins) and must specify, for each portion, the level of protection being asserted (i.e. "CONFIDENTIAL").

   (b) A Party may designate as "CONFIDENTIAL" the whole or a portion of any deposition testimony, regardless by whom given, that contains or discloses protected material. The Party so designating any portion of a deposition may do so on the record at the deposition or, within twenty (20) days of receipt of the deposition transcript, shall serve a written statement on the Parties and the court reporter specifying the portions of the deposition to be designated "CONFIDENTIAL". Any portion not so designated shall not be entitled to the protections of this Protective Order; however, the entire transcript shall be deemed "CONFIDENTIAL" prior to the expiration of this 20 day period. If a document designated as "CONFIDENTIAL" is used as an exhibit at a deposition, that document and the deposition concerning it shall be deemed "CONFIDENTIAL" regardless of whether a Party makes any formal designation thereof.

   Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL".

This Paragraph 5.2(b) also governs deposition testimony designations of Protected Material by a non-party Producing Party.

This Paragraph 5.2(b) is subject to the broader language of Paragraph 5.3, infra. To the extent possible, however, all Parties and non-parties are expected to comply with the twenty (20) day time frame for designation of Protected Material.

(c) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL".

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. Correction of status and notice thereof shall be made in writing, accompanied by substitute copies of the Protected Material appropriately marked "Confidential".

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the appropriate Local Rule that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

# 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of the Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use is best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. ~~Protected Material must do so based upon an application that they be filed under seal. Such application must comply with the requirements of Civil Rule 5(g) should seek to file only the confidential portions of such documents under seal and based upon the appropriate showing. Any application to file documents under seal in proceedings before the district judge should be made to the district judge.~~

## 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used

11
Stipulated Protective Order Regarding Confidential Material

in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, attorney and consultant work product, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

APPROVALS ON NEXT PAGE:

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD FOR ING AND CHASE, AND BY JOHN ACTING PRO SE.

Dated: January 21, 2010          /s/ Matthew D. Moran

Jim Hicks
Gary W. Park
Matthew D. Moran
HICKS | PARK LLP
824 Wilshire Boulevard, Suite 300
Los Angeles, CA 90017

Lawrence A. Callaghan
TUCKER, ELLIS & WEST LLP
135 Main Street, Suite 700
San Francisco, CA 94105

Attorneys for Plaintiff
ING Bank, fsb

Dated: January 21, 2010          /s/ Baimba John

3354 Casalegno Court
San Jose, CA 95148

*Pro se*

Dated: January 21, 2010          /s/ Harvey Sohnen

Harvey Sohnen
LAW OFFICES OF SOHNEN & KELLY
2 Theatre Square, Suite 230
Orinda, California 94563-3346

Attorney for Third Party Defendant
J.P. Morgan Chase

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: Jan. 22, 2010          /s/ Patricia V. Trumbull

Patricia V. Trumbull
United States Magistrate Judge

Stipulated Protective Order Regarding Confidential Material

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding Confidential Material ("Order") entered by the United States District Court for the Northern District of California on _____ in the case of ING Bank, fsb, v. Baimba John, Case No. C 09-1467 (PVT). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
                [signature]

Stipulated Protective Order Regarding Confidential Material