UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ING BANK<br><br>     Plaintiff,<br><br>  v.<br><br>BAIMBA JOHN,<br><br>     Defendant.<br><hr>AND RELATED THIRD-PARTY ACTION<hr> | Case No.: 09-CV-1467-PSG<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 42)** |

   Before the court is Plaintiff ING Bank's ("ING") motion for summary judgment or for partial summary judgment. For the reasons below, ING's motion for summary judgment for breach of contract and conversion is GRANTED. The motion for summary judgment with respect to all remaining claims is DENIED.

## I. BACKGROUND

   According to Defendant Baimba John ("John"), in April 2008, John received a telephone call from David Bunin ("Bunin"), who was referred to John by his nephew. Bunin represented to John that Bunin was in China and needed money. Bunin asked John to allow Bunin to send money from Bunin's bank account in the United States to John's account, and then John could send the money to Bunin in China. Bunin told John that John could keep ten percent of the amount that

1

United States District Court
For the Northern District of California

1   John transferred.  Bunin did not tell John how much money would be transferred.  Because Bunin

2   had been introduced to John by John's nephew, John agreed to assist him.  Bunin then requested

3   John's PIN number and password associated with John's ING account.

4          The following facts are undisputed.  John gave his PIN number and password associated

5   with John's account at ING to Bunin.  John's ING account was linked with a JP Morgan Chase

6   ("Chase") bank account, and $100,000 was transferred from the Chase account to John's ING

7   account.  On June 4, 2008, John subsequently transferred $100,000 to his account at Washington

8   Mutual, and, on June 6, 2008, transferred approximately $90,000 out of the Washington Mutual

9   account.  John claims that he was following Bunin's instructions about delivering the money.

10          ING claims that on or about July 7, 2008, Chase notified ING that the original transfer of

11  $100,000 from the Chase account was not authorized by the Chase account holder, and that in fact

12  the account holder was Samuel Insanally ("Insanally") and not Bunin.  It is undisputed that on July

13  10, 2008, ING contacted John to notify him that the initial transfer had not been approved by Chase

14  and that ING had returned $100,000 to Chase.

15          On April 3, 2009, ING filed the complaint in this action alleging that John had committed

16  fraud, conversion, and breach of contract.  On August 10, 2010, ING brought this motion for

17  summary judgment on all of its claims.  On September 7, 2010, John filed for Chapter 7

18  bankruptcy.  On October 18, 2010, Judge Trumbull stayed this case pending resolution of the

19  bankruptcy case, or any other development which establishes that part or all of this should no

20  longer be stayed.  In December 2010, the bankruptcy court granted John a discharge and granted

21  ING's motion to lift the automatic stay of this case on the condition that ING did not object to

22  John's filing an untimely opposition to this motion for summary judgment.  John filed his

23  opposition to the motion for summary judgment on January 2, 2011 and ING replied on January

24  18, 2011.  None of the parties, however, notified the district court until April 8, 2011 that the

25  bankruptcy court had granted ING's motion to lift the stay.  On April 11, 2011, this court lifted the

2

United States District Court
For the Northern District of California

1    stay and set a hearing date for the motion for summary judgment.  On May 3, 2011, ING and John

2    appeared before this court for oral argument.

3                                  **II.  LEGAL STANDARD**

4             Summary judgment is proper where the pleadings, discovery and affidavits demonstrate

5    that there is "no genuine issue as to any material fact and the movant is entitled to judgment as

6    a matter of law."[1]  Material facts are those which may affect the outcome of the case.[2]  A dispute as

7    to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict

8    for the nonmoving party.[3]  The party moving for summary judgment bears the initial burden of

9    identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence

10   of a genuine issue of material fact.[4]  Where the moving party will have the burden of proof on an

11   issue at trial, as is the case here, it must affirmatively demonstrate that no reasonable trier of fact

12   could find other than for the moving party.  But on an issue for which the opposing party will have

13   the burden of proof at trial, as is the case with John's affirmative defenses, the moving party need

14   only point out "that there is an absence of evidence to support the nonmoving party's case."[5]

15            Once the moving party meets its initial burden, the nonmoving party must demonstrate that

16   a material fact is genuinely disputed by either "citing to particular parts of materials in the record,"

17   "showing that the materials [the moving party] cited do not establish absence . . . of a genuine

18   dispute, or that [the moving party] cannot produce admissible evidence to support the fact."[6]

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *See id.*

[4] *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

[5] *Id.* at 325.

[6] Fed. R. Civ. P. 56(c)(1).

3

"Sweeping conclusory allegations will not suffice to prevent summary judgment."[7]  If the nonmoving party fails to make the requisite showing, "the moving party is entitled to judgment as a matter of law."[8]

## III.  DISCUSSION

### A.  Breach of Contract

ING moves for summary judgment on its claim for breach of contract.  "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."[9]  ING argues that the Personal Account Terms and Conditions (the "Terms and Conditions") to which John agreed when he opened his account with ING is a contract; ING performed under that contract by operating the ING account; John breached the contract; and, as a result, ING has suffered at least $100,000 in damages.

ING specifically argues that John breached his contract by failing to pay ING back for the $100,000 ING returned to Chase.  The Terms and Conditions include the provision:

> "We may refuse to follow any of your instructions if we think they are illegal or potentially harmful to us.  Or, we may take or require other security measures to protect us from any losses we may suffer if we follow your instructions.  *You agree to pay us back for any damages or losses (including, but not limited to, the reasonable costs of an attorney) that we suffer if we take action based on your (or what appears to be your) oral, written, or electronic instructions.*"[10]

ING claims that it is undisputed that "ING suffered losses in the amount of $100,000 as a result of John's transfer of $100,000 from the ING Account to the Business WaMu Account . . . . Although

---

[7] *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

[8] *Celotex*, 477 U.S. at 323.

[9] *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1388 (1990).

[10] 8/10/10 Declaration of Thomas Houlihan (Docket No. 42-14) ("Houlihan Decl.") Ex. A at 10 (Docket No. 42-14) (emphasis added).

Case No.: 09-1467
ORDER

*United States District Court*
*For the Northern District of California*

ING asked John to pay back ING's losses, he has refused to do so in breach of his contract with ING."[11]

John's only argument in response is that a genuine issue of fact exist as to whether ING's loss was based on John's instructions. Specifically, John argues that ING's loss resulted from ING's sending Chase $100,000, and that ING has neither provided sufficient evidence about the circumstances under which sent Chase the $100,000 nor shown that ING was required do so because of actions taken at John's instructions. Put another way, John argues that ING has not demonstrated that John's instructions resulted in any losses to ING and thus that John's failure to pay for those losses was a breach.

The court finds that there is no genuine issue that the transfer from Chase to ING was not authorized. In support of Chase's motion for summary judgment, Chase has submitted the declaration of Insanally.[12] Insanally states that he did not authorize the transfer to ING, he does not know Bunin or John, and neither of them had authority to access his account. Insanally also states that he informed Chase that the transfer was unauthorized. ING has submitted a declaration from its Special Assets Lead Thomas Houlihan stating that ING was notified by Chase that the transfer was not authorized, and that ING returned the money to Chase in compliance with banking industry rules.[13] John has not presented any evidence indicating that the transfer was authorized or that ING had any other option but to return the money to Chase.[14]

---

[11] 8/10/10 Pl.'s Mot. Summ. J. at 8:23-27 (emphasis added).

[12] *See* 4/18/11 Declaration of Samuel Insanally ("Insanally Decl.") (Docket No. 61-2).

[13] *See* Houlihan Decl. ¶ 19; Pls.' Suppl. Decl. Further Supp. of Mot. Summ. J. (Docket No. 73).

[14] John seeks leave to conduct discovery regarding whether the transfer was authorized and argues that he did not have an opportunity to do so during the discovery phase of the case. Fact discovery closed, however, on August 30, 2010, and at no time did John file any motions to compel or move for leave to conduct discovery after the cut-off.

Case No.: 09-1467
ORDER

Thus, ING has affirmatively demonstrated that it is undisputed that ING suffered a loss of $100,000 as a result of its permitting an unauthorized transfer based on instructions that appeared to come from John.  Even viewing the evidence in the record in the light most favorable to John, the only conclusion that could be reached by a reasonable trier of fact is that John breached the contract by failing to repay ING for that loss.  ING's motion for summary judgment for breach of contract therefore is GRANTED.

**B. Fraud**

ING moves for summary judgment on its claim that John committed fraud by misrepresenting that he had authority over the Chase account.  Under California law, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.[15]

ING has not presented any evidence that John made any claim of his own authority over the Chase account except to the extent that John claims he was believed Bunin had such authority and John took actions at Bunin's instructions in accordance with that belief.[16]  As discussed above, ING has presented sufficient evidence that Bunin lacked that authority, but it has not presented any evidence that John knew that Bunin lacked that authority.  ING merely points out that John has not changed his password since these transfers were made which implies that he still trusts Bunin.  John, however, has submitted his own declaration in which he states that Bunin told him that the Chase account belonged to Bunin and that John believed Bunin and relied on that information.

Alternatively, ING argues that John's reckless disregard for the truth of whether Bunin had authority to transfer money from the Chase account gives rise to the element of knowledge, as well

---

[15] *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997).

[16] *See* 8/10/10 Mot. Summ. J. at 17 n. 8 (Docket No. 42) (listing actions John took in accord with his belief that Bunin had authority over the Chase account, none of which demonstrate that John claimed any authority over the Chase account beyond what he believed Bunin had allowed).

Case No.: 09-1467
ORDER

as the element of intent.[17]  In support of its claim that John acted recklessly, ING cites to John's deposition testimony admitting how little he knows about Bunin.

ING has failed to affirmatively demonstrate that no reasonable trier of fact could find that John did not know Bunin lacked authority over the Chase account, or that John's behavior fell short of recklessness.[18]  Viewing this evidence in the light most favorable to John, a reasonable trier of fact could conclude that John believed Bunin and was an unwitting participant in Bunin's plan.  ING's motion for summary judgment for its claim of fraud therefore is DENIED.

## C.  Conversion

ING moves for summary judgment on its claim that John committed conversion by transferring $100,000 belonging to ING beyond ING's control.  Under California law, the elements of a conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.[19]

John argues that, assuming the facts are as ING states, the only person who had his property converted is Insanally, and there is an absence of proof as to ING's ownership or right of possession of the $100,000.  However, "[i]t is not necessary that the plaintiff in an action for conversion be the owner of the property; it is sufficient if he had actual possession at the time of the alleged act."[20]  It is undisputed that ING had possession of the $100,000 before John transferred

---

[17] *See Yellow Creek Lodging Corp. v. Dar*e, 216 Cal. App. 2d 50, 55 (Ct. App. 1963).

[18] John also argues that ING has failed to show he had an intent to defraud or that John made any misrepresentation.  As the motion is denied on other grounds, the court need not address these arguments.

[19] *See Plummer v. Day/Eisenberg, LLP*, 184 Cal. App. 4th 38, 460 (Ct. App. 2010).

[20] *Susumu Igauye v. Howard*, 114 Cal App. 2d 122, 127 (Ct. App. 1952).

7

Case No.: 09-1467
ORDER

the money to his WaMu account.  Thus, the undisputed facts show that the first element of ING's claim is satisfied.

John also argues that there is a lack of evidence supporting ING's contention that Insanally did not consent to the transfer of the $100,000, and consent negates the wrongful element of conversion.  As discussed above, the Insanally Declaration clearly states that Insanally did not consent to the transfer or grant any authority to John.  Thus, John's transfer of the funds from ING to his WaMu account was an "act of dominion wrongfully exerted over the personal property of another inconsistent with the owner's rights," which "constitutes conversion."[21]

ING has presented evidence that John exerted dominion and control over the $100,000 in ING's possession without the consent of the rightful owner of those funds, Insanally, and that, as a result, ING suffered a loss of $100,000 when it was required to repay the funds to Insanally and Chase.  John has not demonstrated that a genuine issue exists regarding any fact material to ING's conversion claim.  ING's motion for summary judgment for its claim of conversion therefore is GRANTED.

**D.  Affirmative Defenses**

ING moves for summary judgment on all of John's affirmative defenses.  Unlike the claims discussed above, ING does not have the burden of proof for these issues at trial.  With the previously discussed claims, as the moving party, ING had to affirmatively demonstrate that no reasonable trier of fact could find other than for ING.  Here, however, ING need only show that there is an absence of evidence to support John's affirmative defenses.[22]

ING, however, does not identify even a single element of a single affirmative defense for which there is an absence of evidence.  ING does not even name any of the sixteen affirmative

---

[21] *Id.* (citing *McCafferty v. Gilbank*, 249 Cal. App. 2d 569, 576 (Ct. App. 1967)).

[22] *See Celotex*, 477 U.S. at 325.

8

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

defenses it is challenging.  Rather, ING merely restates what it deems to be undisputed facts.  ING has not identified any material fact supporting one of John's affirmative defenses for which there is an absence of evidence.  ING has not cited to particular parts of materials in the record, shown that materials cited by John do not establish the presence of a genuine dispute, or shown that John cannot produce admissible evidence to support the fact.[23]

ING has not met its burden to demonstrate that it is entitled to judgment as a matter of law on John's affirmative defenses.  ING's motion for summary judgment regarding these defenses therefore is DENIED.

**E.  Thirty-one Facts**

The notice of motion contains a four-page list of thirty-one facts that ING requests the court conclude have been established pursuant to Fed. R. Civ. P. 56(d).  Under what was previously Fed. R. Civ. P. 56(d), if summary judgment was not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue.  Following the 2010 revisions to the Federal Rule of Civil Procedure, this paragraph no longer exists.  The closest corollary in the current Federal Rules of Civil Procedure is paragraph 56(g) which states that if the court does not grant all the relief requested by the motion, it *may* enter an order stating any material fact that is not genuinely in dispute and treating the fact as established in the case.[24]

After listing the thirty-one facts in its request for relief, ING addressed the facts again only incidentally in its memorandum of points and authorities.  ING further did not mention the list of facts in its reply or its oral argument.  In light of this record, the court has insufficient information

---

[23] *See* Fed. R. Civ. P. 56(c)(1) (listing the ways in which a party must support its assertion that a fact is or is not in dispute for purposes of summary judgment);  *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001) (holding that courts are not required to consider evidence that is technically part of record, but is not specifically referred to in a party's motion papers).

[24] *See* Fed. R. Civ. P. 56(g) (emphasis added).

9

Case No.: 09-1467
ORDER

to determine whether all thirty-one facts are genuinely in dispute.  As a result, ING's motion for

partial summary as to its list of facts is DENIED.

Dated: July 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

Case No.: 09-1467
ORDER