United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ING BANK

Plaintiff,

v.

BAIMBA JOHN,

Defendant.

AND RELATED THIRD-PARTY ACTION

Case No.: 09-CV-1467-PSG

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**(Re: Docket No. 61)**

Before the court is Third Party Defendant JP Morgan Chase, N.A.'s ("Chase") motion for summary judgment in its favor on all of the claims alleged against Chase in Third Party Plaintiff Baimba John's ("John") First Amended Third Party Complaint for Indemnity. The parties appeared for oral argument on March 31, 2011. Having considered the arguments submitted to the court, Chase's motion for summary judgment is GRANTED.

## I. BACKGROUND

According to John, in April 2008, John received a telephone call from David Bunin ("Bunin"), who was referred to John by his nephew. Bunin represented to John that Bunin was in China and needed money. Bunin asked John to allow Bunin to send money from Bunin's bank account in the United States to John's account, and then John could send the money to Bunin in China. Bunin told John that John could keep ten percent of the amount that John transferred.

Bunin did not tell John how much money would be transferred. Because Bunin had been introduced to John by John's nephew, John agreed to assist him. Bunin then requested John's PIN number and password associated with John's ING account.

The following facts are undisputed. John gave his PIN number and password associated with John's account at ING to Bunin. On or about May 27, 2008, John's ING account was linked with a Chase bank account, and $100,000 was transferred from the Chase account to John's ING account. On June 4, 2008, John subsequently transferred $100,000 to his account at Washington Mutual, and, shortly after, transferred the money out of the Washington Mutual account. John claims that he was following Bunin's instructions about delivering the money.

Chase claims that prior to July 6, 2008, Chase notified Plaintiff ING Bank ("ING") that the original transfer of $100,000 from the Chase account was not authorized by the Chase account holder, and that in fact the account holder was Samuel Insanally ("Insanally") and not Bunin. On July 6, 2008, ING "returned" the $100,000 to Chase.

On April 3, 2009, ING filed the complaint in this action alleging that John had committed fraud, conversion, and breach of contract. On April 29, 2009, John filed a complaint alleging against Chase for indemnification, and John filed the First Amended Third Party Complaint for Indemnity ("FAC") on August 24, 2009. John claims implied indemnity, comparative indemnity, declaratory relief against Chase in order that the parties might ascertain their rights or duties as to the disposition of the transferred funds, and equitable indemnity against Chase.

On September 7, 2010, John filed for Chapter 7 bankruptcy. On October 18, 2010, Judge Trumbull stayed this case pending resolution of the bankruptcy case, or any other development which establishes that part or all of this should no longer be stayed. On April 11, 2011, this court lifted the stay. On April 28, 2011, Chase filed its motion for summary judgment. On May 24, 2011, Chase and John appeared before this court for oral argument.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a

**United States District Court**
For the Northern District of California

matter of law."[1] Material facts are those which may affect the outcome of the case.[2] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.[3] The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.[4] Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."[5]

Once the moving party meets its initial burden, the nonmoving party must demonstrate that a material fact is genuinely disputed by either "citing to particular parts of materials in the record," "showing that the materials [the moving party] cited do not establish absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact."[6] "Sweeping conclusory allegations will not suffice to prevent summary judgment."[7] If the nonmoving party fails to make the requisite showing, "the moving party is entitled to judgment as a matter of law."[8]

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

[3] *See id.*

[4] *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

[5] *Id*. at 325.

[6] Fed. R. Civ. P. 56(c)(1).

[7] *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

[8] *Celotex*, 477 U.S. at 323.

## III. DISCUSSION

### A. COUNTS 1, 2, AND 4: INDEMNITY

All three of John's causes of action for indemnity require that Chase also be liable to ING for a tort.[9] The only basis stated in the FAC for John's claims against Chase is that Chase should have notified ING of the dispute before the funds were transferred away from ING and that Chase was negligent in its investigation after the transfer was disputed.

John has presented no evidence supporting his claim that Chase negligently investigated the transfer dispute. Chase, on the other hand, has offered the declaration of Insanally to support its argument that its investigation was reasonable and that the transfer was correctly disputed.[10] Insanally declares that he did not authorize the transfer to ING, he does not know Bunin or John, and neither of them had authority to access his account. Insanally also states that he informed Chase that the transfer was unauthorized. John has not presented any evidence to contradict Insanally's declaration or to indicate that the investigation should have reached a different result or been conducted a different manner.

Chase has also submitted evidence indicating that its conduct in reporting the disputed transfer to ING was reasonable because it complied with the timing required by Automated Clearing House ("ACH") rule 8.7.1, a banking industry rule that states that if, within sixty days of the date of the original entry, a written statement that the debit was not authorized is received, the receiving bank may transmit an adjustment entry. In accordance with that procedure, Chase notified ING within sixty days that the transfer had not been authorized by the account holder, and the transfer was reversed. Thus, Chase has offered evidence that it acted reasonably and argues

---

[9] Comparative indemnity or comparative partial indemnity allows a concurrent tortfeasor to seek partial indemnity from another concurrent tortfeasor on a comparative fault basis. See *American Motorcycle Assn. v. Superior Court*, 20 Cal. 3d. 578, 604 (1978). Equitable indemnity requires a viable claim which could have been brought against the party against whom comparative equitable indemnity is sought. *See Gem Developers et al., v. Hallcraft Homes of San Diego, Inc.*, 213 Cal. App. 3d 419, 430 (1989). Under implied indemnity, where each of two persons is made responsible by law to an injured party the one to whom the right of indemnity inures is entitled to shift the entire liability for the loss to the other party. *See Cahill Bros., Inc. v. Clementina Co.*, 208 Cal. App. 2d 367, 376 (Ct. App. 1962).

[10] *See* 4/18/11 Declaration of Samuel Insanally ("Insanally Decl.") (Docket No. 61-2).

that John has failed to present any evidence that Chase was negligent not to have notified ING sooner or otherwise is liable for a tort. John did not respond to this argument at all, much less establish there is a genuine issue regarding whether Chase committed a tort that could justify indemnification.

Chase has successfully demonstrated that there is an absence of evidence to support the John's case against Chase. Accordingly, the motion for summary judgment for counts 1, 2, and 4 is GRANTED.

**B. DECLARATORY RELIEF**

John claim that a judicial declaration is necessary so he and Chase may ascertain their rights or duties as to the disposition of the transferred funds. Under Cal. Civ. Proc. Code § 1060,

> "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties in the premises."[11]

A claim for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties.[12]

Chase argues that the declaratory relief claim fails because John has not demonstrated there is a genuine issue regarding whether Chase is liable for indemnity. Additionally, there is no genuine issue of fact regarding to whom the transferred funds belong; they belong to Insanally, and neither Bunnin nor John had authority to access Insanally's account.[13] Additionally, this order grants summary judgment in Chase's favor for all indemnity claims against Chase, and the court has previously granted summary judgment as to ING's claim of conversion against John. Thus, there is no genuine issue regarding whether an actual controversy exists over whether John and Chase have rights in the transferred funds. Accordingly, Chase's motion for summary judgment for John's declaratory judgment claim is GRANTED.

---

[11] Cal. Civ. Proc. Code § 1060 (West 2010).

[12] *See McClain v. Octagon Plaza, LLC*, 71 Cal. Rptr. 3d 885, 898 (Ct. App. 2008).

[13] *See* Insanally Decl.

United States District Court
For the Northern District of California

### C. Request to Conduct Additional Discovery

John seeks leave to conduct discovery pursuant to Fed. R. Civ. P. 56(d)(2) which provides that if a nonmovant shows by declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to take discovery regarding whether the transfer was authorized and argues. John has noticed the deposition of a representative from Chase and a representative from ING. John states that he is only able to afford to take these depositions now because his counsel will be on the East Coast and has agreed to work the depositions into his travel schedule.

Fact discovery in this case closed on August 30, 2010,[14] and at no time did John file any motions to compel or move for leave to conduct discovery after the cut-off. John's request to conduct additional discovery therefore is DENIED.

**IT IS SO ORDERED.**

Dated: July 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

[14] *See* 1/13/10 Order After Further Case Management Conference at 2:8 (Docket No. 34).